IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARKUS WILLIAMS,                    :        No. 3:26-CV-0617
      Petitioner                   :
                          :        (Judge Munley)
   v.                               :
                          :
JOSEPH TERRA,                       :
      Respondent                   :

## ORDER

Petitioner Markus Williams is currently incarcerated at the State Correctional Institution, Phoenix, located in Collegeville, Pennsylvania. He filed the instant *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to overturn his conviction and sentence entered by the Court of Common Pleas for Dauphin County, Pennsylvania, at docket number CP-22-CR-0005252-2016. (See generally Doc. 1). For the following reasons, the court will require Williams to show cause as to why his Section 2254 petition should not be dismissed as barred by the statute of limitations.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, contains a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court. See id. § 2244(d)(1). In

---

[1] This court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Wood v. Milyard, 566 U.S. 463, 472 (2012) (quoting Day v. McDonough, 547 U.S. 198, 209 (2006)); see also 28 U.S.C. § 2254 Rule 4.

most cases, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A).  The AEDPA expressly provides for tolling of this limitations period when "a *properly filed* application for State post-conviction or other collateral relief" for the at-issue judgment is "pending." Id. § 2244(d)(2) (emphasis added).

In March 2017, Williams was convicted by a jury of voluntary manslaughter based upon an unreasonable belief, as well as two firearms-related charges. See Commonwealth v. Williams, No. CP-22-CR-0005252-2016, 2019 WL 168293, at *1-2 (Pa. Super. Ct. Jan. 11, 2019) (nonprecedential).  On August 8, 2017, Williams was sentenced to an aggregate term of incarceration of 15 to 30 years. See id., at *1; (Doc. 1 at 3).

Williams timely appealed, but the Superior Court of Pennsylvania affirmed his judgment of sentence on January 11, 2019. See Williams, CP-22-CR-0005252-2016, 2019 WL 168293, at *1, *5.  On June 10, 2019, the Supreme Court of Pennsylvania denied Williams' petition for allowance of appeal. See Commonwealth v. Williams, No. 89 MAL 2019, 214 A.3d 228 (Pa. June 10, 2019) (table).  It does not appear that Williams filed a petition for a writ of certiorari with the Supreme Court of the United States, (see Doc. 1 at 5), and thus his conviction became final for AEDPA purposes 90 days later (*i.e.*, on Monday,

2

September 9, 2019), when the time for seeking such review expired.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (citations omitted).

Williams timely filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq.*, on June 3, 2020.  See Commonwealth v. Williams, No. 817 MDA 2023, 2024 WL 3200561, at *2 (Pa. Super. Ct. June 27, 2024) (nonprecedential); (Doc. 1 at 8).  However, by the time Williams had filed his PCRA petition (which initiated tolling of the one-year federal habeas limitations period), 268 days had already elapsed on his Section 2254 statute of limitations.  See, e.g., LaCava v. Kyler, 398 F.3d 271, 273-74 (3d Cir. 2005) (explaining statute-of-limitations calculations and tolling when a timely state post-conviction petition is filed).  Thus, Williams had 97 days remaining on his AEDPA limitations period.  See id.

Williams' PCRA petition was eventually denied by the PCRA court, and that denial was affirmed by the Superior Court on June 27, 2024.  See Williams, No. 817 MDA 2023, 2024 WL 3200561, at *1, *5.  On January 22, 2025, the Pennsylvania Supreme Court denied Williams' petition for allowance of appeal. See Commonwealth v. Williams, No. 349 MAL 2024, 333 A.3d 301 (Pa. Jan. 22, 2025) (table).

3

Accordingly, Williams' state PCRA process was completed and Section 2244(d)(2) tolling of his federal habeas limitations period ended on January 22, 2025, because the time for seeking certiorari in the Supreme Court of the United States for denial of state post-conviction relief does not continue to toll the AEDPA's statute of limitations.  See Lawrence v. Florida, 549 U.S. 327, 333-34 (2007); LaCava, 398 F.3d at 274 (citing Stokes v. Dist. Att'y of Cnty. of Phila., 247 F.3d 539, 542 (3d Cir. 2001)).  As 268 days had already elapsed before Section 2244(d)(2) tolling began, Williams had 97 days remaining on his AEDPA one-year clock—or until April 29, 2025—in which to file his Section 2254 petition in federal court.  See LaCava, 398 F.3d at 274.  Williams' petition, however, was not signed and delivered to prison officials for mailing until February 4, 2026,[2] more than nine months after the AEDPA's one-year statute of limitations expired.

In summary, upon careful consideration of Williams' state-court and federal filings, as recounted above, it appears that his Section 2254 petition has been filed well out of time.  Williams, however, will be given an opportunity to establish why his Section 2254 petition should not be dismissed as time-barred.  See Day, 547 U.S. at 210.

---

[2] (See Doc. 1 at 31 (averring that he placed his Section 2254 petition in the prison mail system on "2-4-2026"); Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing."))).

**AND NOW**, upon consideration of the foregoing, **IT IS ORDERED** that:

1. Williams shall have **21 days** from the date of this order to show cause as to why his petition for a writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as time-barred under the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1).

2. If no response is timely received, the court will dismiss Williams' Section 2254 petition as time-barred for the reasons stated herein and will close this case.

Date: 5/12/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court