# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARKUS WILLIAMS,** | : | **No. 3:26-CV-0617** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JOSEPH TERRA,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Petitioner Markus Williams is currently incarcerated at the State Correctional Institution, Phoenix, located in Collegeville, Pennsylvania.  He filed the instant *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to overturn his conviction and sentence entered by the Court of Common Pleas for Dauphin County, Pennsylvania, at docket number CP-22-CR-0005252-2016.  (See generally Doc. 1).  Because Williams filed his Section 2254 petition well after the relevant statute of limitations expired and he has failed to establish that the limitations period should be tolled, the court must dismiss his petition.

## I.    BACKGROUND

In March 2017, Williams was convicted by a jury of voluntary manslaughter based upon an unreasonable belief, as well as two firearms-related charges. See Commonwealth v. Williams, No. CP-22-CR-0005252-2016, 2019 WL 168293, at *1-2 (Pa. Super. Ct. Jan. 11, 2019) (nonprecedential).  On August 8,

2017, Williams was sentenced to an aggregate term of 15 to 30 years' incarceration. See id., at *1; (Doc. 1 at 3).

Williams timely appealed, but the Superior Court of Pennsylvania affirmed his judgment of sentence on January 11, 2019. See Williams, CP-22-CR-0005252-2016, 2019 WL 168293, at *1, *5. On June 10, 2019, the Supreme Court of Pennsylvania denied Williams' petition for allowance of appeal. See Commonwealth v. Williams, No. 89 MAL 2019, 214 A.3d 228 (Pa. June 10, 2019) (table). It does not appear that Williams filed a petition for a writ of certiorari with the Supreme Court of the United States. (See Doc. 1 at 5).

Williams timely filed a pro se petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 et seq., on June 3, 2020. See Commonwealth v. Williams, No. 817 MDA 2023, 2024 WL 3200561, at *2 (Pa. Super. Ct. June 27, 2024) (nonprecedential); (Doc. 1 at 8). His PCRA petition was eventually denied by the PCRA court, and that denial was affirmed by the Superior Court on June 27, 2024. See Williams, No. 817 MDA 2023, 2024 WL 3200561, at *1, *5. On January 22, 2025, the Pennsylvania Supreme Court denied Williams' petition for allowance of appeal. See Commonwealth v. Williams, No. 349 MAL 2024, 333 A.3d 301 (Pa. Jan. 22, 2025) (table).

Wiliams filed the instant Section 2254 petition in this court on February 4, 2026. (See Doc. 1 at 31 (averring that he placed his Section 2241 petition in the

2

prison mail system on "2-4-2026")); <u>Pabon v. Mahanoy</u>, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing."). On May 12, 2026, this court issued a show-cause order to Williams. (<u>See</u> <u>generally</u> Doc. 7). In that order, the court provided a detailed recitation of the procedural history of Williams' post-conviction proceedings and required him to show cause as to why his Section 2254 petition should not be dismissed as facially barred by the relevant statute of limitations. (<u>See</u> <u>id.</u>).

To date, Williams has failed to respond to the show-cause order or file any other communication with the court. His petition is therefore ripe for preliminary screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. <u>See</u> 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## II.    DISCUSSION

Williams raises multiple claims in his Section 2254 petition, including challenges to the sufficiency of the evidence, the weight of the evidence, and the constitutional effectiveness of trial counsel. (<u>See generally</u> Doc. 1). The court cannot reach the merits of these claims, however, because Williams' petition is

3

facially barred by Section 2254's statute of limitations and he has not established a basis for tolling that limitations period.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, contains a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court. See id. § 2244(d)(1). In most cases, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The AEDPA expressly provides for tolling of this limitations period when "a *properly filed* application for State post-conviction or other collateral relief" for the at-issue judgment is "pending." Id. § 2244(d)(2) (emphasis added).

Williams' state-court judgment of sentence was imposed on August 8, 2017. He timely appealed, but his judgment of sentence was affirmed by the Superior Court of Pennsylvania on January 11, 2019. On June 10, 2019, the Supreme Court of Pennsylvania denied his petition for allowance of appeal. Williams did not file a petition for a writ of certiorari with the Supreme Court of the United States, and thus his conviction became final for AEDPA purposes 90 days later (*i.e.*, on Monday, September 9, 2019), when the time for seeking such

---

[1] This court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Wood v. Milyard, 566 U.S. 463, 472 (2012) (quoting Day v. McDonough, 547 U.S. 198, 209 (2006)); see also 28 U.S.C. § 2254 Rule 4.

review expired.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (citations omitted).

### 1. Statutory Tolling

Williams' Section 2254 petition cannot be saved by statutory tolling. Although he timely filed a *pro se* PCRA petition, by the time he had filed that petition (which initiated tolling of the one-year federal habeas limitations period), 268 days had already elapsed on his Section 2254 statute of limitations.  See, e.g., LaCava v. Kyler, 398 F.3d 271, 273-74 (3d Cir. 2005) (explaining statute-of-limitations calculations and tolling when a timely state post-conviction petition is filed).  Thus, Williams had 97 days remaining on his AEDPA limitations period. See id.

Williams' PCRA petition was eventually denied by the PCRA court, and that denial was affirmed by the Superior Court on June 27, 2024.  On January 22, 2025, the Pennsylvania Supreme Court denied Williams' petition for allowance of appeal.  Accordingly, Williams' state PCRA process was completed and Section 2244(d)(2) tolling of his federal habeas limitations period ended on January 22, 2025, because the time for seeking certiorari in the Supreme Court of the United States for denial of state post-conviction relief does not continue to toll the AEDPA's statute of limitations.  See Lawrence v. Florida, 549 U.S. 327, 333-34 (2007); LaCava, 398 F.3d at 274 (citing Stokes v. Dist. Att'y of Cnty. of Phila.,

247 F.3d 539, 542 (3d Cir. 2001)).  As 268 days had already elapsed before Section 2244(d)(2) tolling began, Williams had 97 days remaining on his AEDPA one-year clock—or until April 29, 2025—in which to file his Section 2254 petition in federal court.  See LaCava, 398 F.3d at 274.  Williams' petition, however, was not signed and delivered to prison officials for mailing until February 4, 2026, more than nine months *after* the AEDPA's one-year statute of limitations expired.

Thus, statutory tolling does not save Williams' Section 2254 petition from being filed beyond the AEDPA's statute of limitations.  Even accounting for the time tolled by the state post-conviction process, his Section 2254 petition was still filed more than nine months late.  The instant petition, therefore, is time-barred unless Williams can establish a basis for equitable tolling.

**2.    Equitable Tolling**

AEDPA's statute of limitations is subject to equitable tolling.  Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 272 (3d Cir. 2022) (citing Holland v. Florida, 560 U.S. 631, 645-49 (2010)).  Application of this doctrine, however, occurs "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis.  Id. (alteration in original) (quoting LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005)) (citing Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012)).

6

To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition. Holland, 560 U.S. at 649 (citation omitted).  The diligence required is "reasonable diligence," not "maximum feasible diligence."  Id. at 653 (citations omitted); Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013).  Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted.  Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012).

Williams has not made this extremely difficult showing.  In fact, he has not even attempted to do so.  In particular, Williams has not alleged or established an extraordinary circumstance that prevented him from timely filing his Section 2254 petition.  Thus, even if he was acting with due diligence, he cannot show that equitable tolling is applicable in this case.  See Sistrunk, 674 F.3d at 190 (requiring petitioner to demonstrate both elements of equitable tolling before tolling is permitted).  Because neither statutory tolling nor equitable tolling can excuse the delay in this case, Williams' Section 2254 petition is patently untimely and must be dismissed.

## III.    CONCLUSION

Based on the foregoing, the court will dismiss Williams' petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition is facially barred by

AEDPA's statute of limitations, and he has not established any basis for tolling this limitations period.  The court will likewise deny a certificate of appealability, as Williams has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this court's procedural ruling is correct, Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate Order follows.

Date: 6/22/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court